CLARA R. SMIT, ESQ.
ATTORNEY AT LAW
100 HORIZON CENTER BOULEVARD
HAMILTON, NJ 08691
(732) 843-6600
ATTORNEY FOR THE PLAINTIFF

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

DAISY ORTIZ,

    **Plaintiff**

v.

SOMERVILLE POLICE DEPARTMENT &
COUNTY OF SOMERSET

    **Defendants**

---

CIVIL ACTION NO.:

COMPLAINT AND JURY DEMAND

The Plaintiff, Daisy Ortiz, residing at 31 West Orchard Street, City of Somerville, and State of New Jersey, by way of Complaint says:

**I**

**JURISDICTION**

Jurisdiction of this court is invoked pursuant to N.J.S.A. 10:-5-1 et. seq, the Americans with Disabilities Act, Title II, 28 USCS Section 12131 et seq, the Rehabilitation Act, 29 USCS Section 794, Section 504, 42 U.S.C.A. Section 1983 and the New Jersey Law Against Discrimination (NJLAD). This suit is authorized and instituted pursuant to the exercise of the police power of the State for the protection of the public safety, health, and morals and to promote the general welfare and fulfillment of the provision to the Constitution of the State of New Jersey and the United States of America guaranteeing civil rights.

## II

## PARTIES

l. Plaintiff Daisy Ortiz resides at 31 West Orchard Street, City of Somerville, County of Somerset, State of New Jersey. She is profoundly deaf and communicates primarily through American Sign Language.

2. Defendant, Somerville Police Department, located at 117 West North Street, City of Somerville, County of Somerset, State of New Jersey.

3. Defendant, County of Somerset, located at 20 Grove Street, City of Somerville, County of Somerset, State of New Jersey.

4. All defendants acted under the color of State law during all relevant times.

### Nature of Case

On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. Section 12131 et seq., establishing the most important civil rights for persons with disabilities in our country's history. This action is brought by plaintiff against the defendants for the failure to provide reasonable accommodations for plaintiff's disability and for discrimination based on disability. The plaintiff experienced humiliation and discrimination in violation of his civil rights through Defendants' policies and practices of discrimination on the basis of disability.

This action claims that defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 34:1-69.10, et. seq., hereafter NJLAD, the ADA, Section 1983, and Section 504 of the Rehabilitation Act, as well as other state and common law causes of action. In this action, plaintiff seeks money damages, declaratory relief, attorney's fees and costs and punitive damages.

## IV.

## FACTUAL ALLEGATIONS

1. The Americans with Disabilities Act provides that State, County and Local Governments cannot exclude individuals with disabilities from participation in or denying them the benefits of services, programs or activities.

2. The New Jersey Law Against Discrimination specifically prohibits discrimination based upon disability under 10:5-4.1. Further N.J.S.A. 34:1-69.10 requires all that all hearing impaired individuals must be provided with a qualified interpreter for all civil and criminal proceedings. In addition the appointing authority must appoint such individual. Specifically the hearing impaired person, if incarcerated must not be held pending the arrival of an interpreter.

3. Section 504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance".

4. Defendants are state and local entities who must provide public accommodations within the meaning provided in each of the above laws.

5. As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to plaintiff who has a hearing loss to ensure effective communication. 28 C.F.R. Section 36.303(c).

6. On July 31, 2017, Plaintiff Daisy Ortiz was pulled over in her car by Bridgewater Police. Upon being pulled over, Ms. Ortiz attempted to tell the Officer she is deaf and to write back and forth with her as a method of communication. The Officer, however did not want to write and asked for her license and registration. Plaintiff attempted tell the Officer that she had left her license and registration at home. The Officer decided to have her car towed and plaintiff thought she was then being permitted to to take her belongings and her dog and either walk home or find a ride. However, shortly thereafter Defendant Somerville Police Officers arrived to assist. Upon running her name, police saw that Plaintiff Ms. Ortiz had an active Somerville Municipal Court warrant out for her arrest. This warrant, unbeknownst to Ms. Ortiz was from 2014 for an unpaid parking

ticket. Defendant Somerville Police then arrested Ms. Ortiz and brought her down to their police station. However, during the ride to the police station Ms. Ortiz was very confused as she thought the police were towing her car and taking her home. Once they passed her house she attempted to communicate through the barrier in the car to find out why they did not bring her home, but Defendant's Police officers ignored her attempts at communication. Plaintiff kept gesturing that she needed an interpreter. Upon arrival at the police station Ms. Ortiz refused to exit the police vehicle. Ms. Ortiz had no way to communicate or understand why she was arrested and brought down to the police station. Finally, Plaintiff did exit the vehicle and go into the station. Plaintiff at this point had no idea what she why she had been detained and once again tried to ask for an interpreter. . In addition to not being able to communicate plaintiff also became extremely agitated because when she was arrested, her dog was with her and she had no way of knowing where her dog was taken. Plaintiff was very upset and the police recorded this as erratic and destructive behavior while in the cell due to extreme frustration and aggravation at not understanding what was happening to her. The police report states they were unable to remove her from the cell for questioning or photographing. Shortly thereafter Plaintiff was transported to Defendant County of Somerset jail.

7. Once inside the jail Ms. Ortiz was searched by a female officer. Once again Plaintiff attempted to ask the Officer to write down what she was doing, and again the Officer refused. Once again Ms. Ortiz was placed into a cell without knowing why she was being incarcerated. At this point, Plaintiff was even more upset after being placed in a second jail and the police stated that she was exhibiting erratic behavior apparently due to the apparent lack of effective communication Plaintiff was very upset as she had no idea why she was placed in two jail cells and was very concerned about her dog who served as an emotional support dog for her and had no way of effectively communicating... Police officers entered the cell and proceeded to give Ms. Ortiz a shot in her arm to sedate her. In the moments before Ms. Ortiz blacked out she felt extreme confusion

about what was happening and why the Officers had given her a shot without her consent.

8. After sedating plaintiff, Defendant then moved Ms. Ortiz to a nearby hospital. While in the jails, plaintiff had repeatedly tried to ask for an interpreter so she could find out why she was there and what had happened to her dog but as she was not given an interpreter and could not communicate effectively, she became more and more upset, leading to her hospitalization. . It was only after her brother came to the hospital, that she learned her dog was in the pound and that her brother would get the dog and keep him for her until she was released. Ms. Ortiz remained in the hospital for 4-5 days before finally being released. She was then allowed to return home and immediately went to her brother's home to reclaim her dog. . Shortly thereafter, Ms. Ortiz went to Bridgewater court with an advocate and an interpreter to settle the ticket that had produced the warrant. She paid her fine and all other charges were dismissed.

9. Plaintiff was ignored, humiliated and treated like a non-person by defendants. Defendants' actions resulted in plaintiff being incarcerated without proper accommodation for her disability.

10. Defendants' willful, knowing and intentional discrimination against plaintiff was in violation of federal and state laws and caused plaintiff to suffer and continue to suffer mental and physical pain and anguish.

## VIOLATION OF STATE and FEDERAL STATUTES

1. Plaintiff repeats and realleges all of the allegations set forth in the section entitled "Factual Allegations" as if set forth at length herein.

2. Defendants' conduct is in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10: 5-1, et. seq, N.J. S.A. 34:1- 69.10 et seq. ,the Americans with Disabilities Act, 42 U.S.C. Section 12131 et seq., 42 U.S.C. Section 1983 and the Rehabilitation Act of 1973, 29 U.S.C. Section 794, et seq.

3. Plaintiff, Daisy Ortiz's hearing loss substantially limits her major life activities, including her ability to effectively communicate. Therefore, Plaintiff is an individual with a disability under Title II of the ADA. Plaintiff meets the essential eligibility requirements for Defendants' programs, services, and activities at all times material hereto. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 29 USCS Section 794, et seq.

4. Defendants violated Title II of the ADA, the NJLAD and the Rehabilitation Act in numerous ways, including discriminatory actions which occurred when they:

(a) Failed to maintain policies and procedures to ensure compliance with Title II of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

(b) Failed to ensure that communications with Plaintiff, Daisy Ortiz were as effective as communications with non-disabled individuals;

(c) Failed to provide auxiliary aids and services, including qualified interpreters, and to modify policies and procedures to prevent discrimination against Plaintiff, Daisy Ortiz;

(e) Excluded Plaintiff from services of the public entity and denied Plaintiff the benefit of these services due to her disability.

5. Plaintiff suffered severe emotional distress and damages in the past, and continues to suffer emotional distress and damages due to Defendants' intentional violations of Title II of the ADA, the Rehabilitation Act and the NJLAD.

**WHEREFORE**, Plaintiff prays that the court grant judgment against the defendants, jointly and severally for the following:

[A] Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures have subjected Plaintiff, Daisy Ortiz to discrimination in violation of Title II of the Americans with Disabilities Act, the

Rehabilitation Act and the New Jersey Law Against Discrimination.

[B] Permanently enjoin Defendants from any practice, policy and/or procedure which will deny Plaintiff Daisy Ortiz equal access to, and benefit from Defendants' services or which deny Plaintiff, Daisy Ortiz effective communication with Defendants. Enter a permanent injunction ordering Defendants:

1. To cease discrimination against Plaintiff and other deaf or hard of hearing inmates;

2. To promulgate and comply with policies and procedures to ensure that Defendants and their staff do not discriminate against inmates who are deaf and hard of hearing;

3. To promulgate and comply with procedures to ensure that Defendants will provide and pay for interpreter services when needed by inmates who are deaf or hard of hearing in all services offered by Defendants;

4. To promulgate and comply with procedures to ensure that Defendants will notify inmates who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Defendants will provide sign language interpreters, Videophones and other communication services to ensure effective communication with deaf or hard of hearing inmates.

[C] Award compensatory and punitive damages;

[D] Cost of suit to include disbursements and attorneys' fees;

[E] Such other and further relief as the court deems fair and equitable.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Clara R. Smit, Esq., is hereby designated as trial counsel in this matter.

## JURY DEMAND

Plaintiff demands trial by jury of 6 persons.

                                              **CLARA R. SMIT, ESQ.**
                                              **Attorney for Plaintiff**

                                              **/s/ Clara R. Smit**
                                              **CLARA R. SMIT, ESQ.**

## **CERTIFICATION**

This is to certify that, to my knowledge, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated at this point.

Pursuant to Rule 4:5-1, I, Clara R. Smit, certify that I am a member of the firm of Clara R. Smit, attorney for the Plaintiff stated herein. To my information and belief, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding and no other action or arbitration proceeding is being contemplated. At this time, the Plaintiff knows of no other party who should be joined in this action.

                                        /s/ Clara R. Smit
                                        Clara R. Smit, Esq.
                                        Attorney for Plaintiff

Dated: June 4, 2019