**CLARA R. SMIT, ESQ.**
**ATTORNEY AT LAW**
**100 HORIZON CENTER BOULEVARD**
**HAMILTON, NJ 08691**
**(732) 843-6600**
**ATTORNEY FOR PLAINTIFF**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**DAISY ORTIZ,**

                              **Plaintiff,**

**v.**

                                                        **CIVIL ACTION NO.: 3:18-cv-16190**

**SOMERVILLE POLICE DEPARTMENT**
**et al,**

                    **Defendant:**          **CONSENT AGREEMENT**

-------------------------------------------------------

This Consent Agreement entered into by and among **DAISY ORTIZ,** ("Ortiz" or "Plaintiff");   and the **COUNTY OF SOMERSET** ("COS" or "Defendant").

WHEREAS, Ortiz filed this action on November 15, 2018 against County of Somerset and later amended same to seek relief against COS, seeking, *inter alia,* injunctive relief; and

WHEREAS, County of Somerset has answered, denying plaintiff's allegations; and

WHEREAS, Plaintiff, and COS acknowledge that, to the extent possible, it is in their best interest to resolve plaintiff's claims against COS for declaratory and injunctive relief by means other than litigation, and without any admission of liability by COS, and therefore thereby agree as follows:

1. This Consent Agreement incorporates Exhibits A through C as are annexed hereto;

2. "Deaf" shall refer to those persons as more fully defined in N.J.S.A. 34:1-69.6.

3. "Hearing impaired person" means, as defined in N.J.S.A. 34:1-69.8(b), those persons

whose hearing is impaired so as to prohibit the person from understanding oral communication; and/or those persons who, because of hearing loss, cannot communicate spoken language.

4.   A "disability" is a physical or mental impairment that substantially limits one or more of an individual's major life activities and includes but is not limited to hearing. Also are included are individuals with a record of such an impairment or anyone who is regarded as having such an impairment.

5.   At the time of the initial intake into COS, County of Somerset Jail staff shall inquire of the inmate whether any reasonable accommodation is requested in order to provide a reasonable accommodation to qualified individuals with disabilities.

6.   COS shall post a sign in substantially the form annexed hereto as Exhibit A in a place of intake. The sign will therefore contain the universal symbols to effectively advise deaf or hearing impaired inmates of the availability of reasonable accommodations.

7.   Upon identification of an individual who makes a request for an accommodation due to a hearing loss or impairment, COS will provide notice to the individual of available accommodations in a form substantially annexed hereto as Exhibit B (the "Form") and collect a signed Form from the inmate. The information contained in the Form will also be contained in the Inmate handbook.

8.   When a deaf or hearing impaired person is subject to disciplinary proceedings, or appears in any legal or quasi-legal proceeding which may occur at COS (other than court proceedings at COS), COS staff will consult with the inmate to determine the accommodation of choice, and will give consideration to the choice expressed by the individual. If the inmate's primary mode of communication is sign language, a certified interpreter will be provided.

9.   A certified interpreter is an individual who is certified by the National Registry of Interpreters for the Deaf, Inc.

10. When a deaf or hearing impaired person is incarcerated and requests or is subject to any of the following circumstances, at COS, COS will consult with the inmate to determine the accommodation of choice, and will give primary consideration to the choice expressed by the individual. If the inmate's primary mode of communication is sign language, a certified interpreter will be provided in the following circumstances:

a. Intake and classification.

b. Medical examination, treatment, appointments and testing.

c. Programs, whether required or voluntary, including but not limited to programs involving recreation, substance abuse, education and employment, provided that the deaf person is otherwise qualified or eligible.

d. Meetings with Social Workers, Counselors and or any COS staff member in which an interpreter is necessary for effective communication.

e. Any other situation in which the inmate requests an interpreter and/or one is needed to ensure effective communication.

Such interpreter may be provided by video remote interpreting services, including but not limited to use of service such as "Language Line," provided such video remote interpreting meets the performance standards of 28 C.F.R. § 36.303(f), and provides effective communication for the inmate involved. Further such "VRI" must be appropriate considering the nature, length, complexity and content of the communications pursuant to 28 C.F.R. § 36.303(c).

11. COS and/or the Sheriff shall provide closed captioning on all televisions and for all videotapes shown during any program, services or activities at COS jail, although same need only be shown upon request. COS and/or the Sheriff will also provide TTY's and Videophones, and other communication services at the COS jail to ensure that deaf or hearing impaired inmates are able to effectively communicate on the telephone while incarcerated.

12. "Primary Consideration" means that COS will honor the inmate's request for accommodations as set forth in Exhibit B unless it can show that another equally effective means of communication is available, or that use of the means chosen would result in a fundamental alteration in the nature of the service, program, or activity or in undue financial or administrative burden. If the inmate's request is not honored, COS staff will consult with the individual to ascertain an alternative means of communication which will ensure effective communication.

13. Nothing in this Consent Agreement precludes any means of communication in an emergency situation. COS may use any means available to accomplish effective communication.

14. When it is determines that a sign language interpreter is required, COS shall make affirmative efforts to obtain the interpreter within a reasonable time. The obligation to obtain an interpreter is a continuing obligation until such time as the requiring event is concluded. In order to obtain an interpreter, COS shall take the following steps.

    a.    Directly contact certified sign language interpreters either individually or through an agency to be provided onsite or through video remote interpreting services and/or;

    b.    Contact the New Jersey Division of the Deaf, Interpreter Referral Service, (hereafter the "Agency") if such need arises during the Agency's business hours. COS can then make a formal request for such interpreter and provide all non-privileged and non-confidential information as necessary to the Division of the Deaf in order to obtain an interpreter; and/or

    c.    During the Agency's non-business hours, or at any time when the Agency cannot be reaches, COS may contact those listed on the Agency's Legal-Quasi-Legal List, a copy of which shall be maintained at COS. A copy of the Division's current list is annexed as Exhibit C.

15. COS agrees to provide training to implement the terms of this agreement to all COS staff and medical personnel within 90 days of the date of this agreement.

16. Nothing in the Consent Agreement shall limit the discretion of COS staff in its classification or housing assignment of inmates at the facility.

17. COS agrees to incorporate the substance of this Consent Agreement into its Policies and Procedures applicable at and to COS as may be amended from time to time.

18. COS agrees to incorporate the substance of this Consent Agreement into its COS Inmate Guidelines, which are distributed to each inmate upon his/her admission to COS jail, as may be amended from time to time.

19. The terms and conditions reflected in this Consent Agreement shall not be amended, changed or altered orally. Such terms and conditions of this Consent Agreement may only be altered by written agreement between the parties via their respective counsel.

20. Plaintiff and COS expressly acknowledge and agree that this Consent Agreement does not constitute an admission of liability by COS, and/or any of its divisions, departments, elected officials, agents, or employees, including but not limited to any and all staff of the COS jail. COS denies liability and expressly continues to deny liability despite their willingness to enter into this Consent Agreement.

21. All parties agree that if any provision of this Consent Agreement is found to be contrary to law, the remaining provisions will not be affected and shall remain in full force and effect.

22. Nothing in this Consent Agreement shall prevent COS from revising policies and procedures so long as compliance with applicable state and federal law and this Consent Agreement is otherwise maintained.

23. All parties agree that this is a mutually binding Consent Agreement.

24. COS agreed to enter into this Consent Agreement in consideration for the palintiff's agreement to dismiss all claims against COS from the litigation in its entirety, and for the dismissal of all injunctive relief claims against COS.

25. No party shall challenge the validity of this Consent Agreement on the ground that the signatories hereto lack the authority or capacity to contract or the ground that the Consent Agreement is not supports by adequate consideration.

26. The relief provisions shall be implemented within 90 days of the date of entry of this agreement by the Court.

It is further ordered, adjudged and decreed that this court shall retain jurisdiction of this action for the purpose of assuring compliance with the terms and conditions of this Consent Agreement, and of entering such further and additional Orders as may be just and proper.

**Dated:** _____

**Honorable Lois H. Goodman**
**United States Magistrate Judge**

The undersigned consent to the form, content and entry of the foregoing Consent Agreement.

Clara R. Smit, Esq.,
Attorney for Plaintiff
Daisy Ortiz

4/29/20
Dated

~~Angela Jupin, Esq.~~ WILLIAM T. COOPER, ESQ
Attorney for Defendant
County of Somerset

4/29/20
Dated

# Notice to the Deaf & Hard Hearing:

  

**You may have the right to a reasonable accommodation if one is required for you to effectively communicate with   our staff.**

**If you  require  a sign language interpreter  or other accommodation to communicate,  please  let  us  know.**



**EXHIBIT A**

## REQUEST FOR DEAF AND HARD OF HEARING INMATES

**County of Somerset is committed to providing quality care to all inmates.   In order to assure that the services which are provided to you are not compromised by ineffective communication, the facility has resources for obtaining sign language interpreters when necessary at no cost to you.   Telecommunications devices for the Deaf (TDD), Video and amplified telephones are also available (televisions and telephones).**

Will a sign language interpreter help us communicate effectively with you?

YES_____                                                   NO_____

If you check "YES", we may get, a sign language interpreter for you unless you fill out the waiver form on the back of this paper.

Do you want any of these services which are also available?

A Telecommunication Device for the Deaf            YES_____      NO_____
TDD/TTY with Light Signaler
An Amplified Telephone Receiver                            YES_____        NO_____

A Video Phone for the Deaf                                     YES_____    NO_____

An Assistive Listening Device (ALD)                       YES                NO_____

Television                                                                              Captioning
                                                                            YES_____  NO_____

Other (please explain):

_____

_____

Arrestee declined present accommodations offered.   See reverse side of this form for release.


Witness Name:_____      _____
                          Printed                                  Inmate's Signature/Date

         _____
         Signature/Date

A copy of the County of Somerset's written policy for **<u>Effective Communications</u>** Administrative Policy and Procedure is available without any charge upon request. Please check here if you want a copy of this policy _____.

**EXHIBIT B**

_____

Arrestee Addressograph

**REFUSAL OF COUNTY OF SOMERSET'S INTERPRETER SERVICES**

**(COMPLETE THIS SIDE ONLY IF YOU CHECKED "YES" TO QUESTION 1 ON THE REVERSE SIDE BUT <u>DO NOT</u> WANT COUNTY OF SOMERSET TO PROVIDE A SIGN LANGUAGE INTERPRETER)**

I, _____, understand that I have a right to be provided a free qualified sign language interpreter by County of Somerset to communicate with County of Somerset employees.

However, **I DO NOT WANT A FREE QUALIFIED SIGN LANGUAGE INTERPRETER** to be provided to me by County of Somerset because:

I prefer to communicate using _____
_____ I prefer to lip read and speak for myself for **_brief_** communications.
_____ I prefer to lip read and speak for myself for **_all_** communications.
_____ I prefer written notes for **_brief_** communications.
_____ I prefer written notes for **_all_** communications.

**OR**

I prefer to coordinate/arrange for my own sign language interpreter provided by me at my own expense.

Services shall be provided by:

**NAME:**        _____
**ADDRESS:**   _____
**PHONE:**       _____ who is my_____.

I understand that at any time I can change my mind about this request by executing a **Request for Deaf and Hard of Hearing Persons** form.

**DATED:** _____   _____
**SIGNATURE**
**DATED:** _____   _____
**WITNESS**

A copy of the County of Somerset written policy for **Effective Communications** Administrative Policy and Procedure is available without any charge upon request.
Please check here if you want a copy of this policy _____